## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**UNITED STATES OF AMERICA**      **CASE NO. 3:18-CR-00152-01**

**VERSUS**      **JUDGE DOUGHTY**

**KENDRICK DARNELL WILLIAMS**      **MAG. JUDGE KAREN L. HAYES**

### MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc No. 39] filed by Defendant Kendrick Darnell Williams on November 4, 2019, under 28 U.S.C. § 2255. The United States opposes the Motion [Doc. No. 39]. For reasons stated below, the motion is DENIED.

### Background

On or about October 17, 2017, a federal grand jury returned a one-count Indictment charging Defendant with possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 942(a)(2).

On January 30, 2019, Defendant plead guilty to Count 1, which carries a maximum sentence of 120 months imprisonment.

On May 1, 2019, this Court sentenced Defendant to 71 months in prison, and Defendant was placed on supervised release for a period of three years following his release from imprisonment. The sentence was within the recommended guideline range of 57-71 months for an offense level of 21 and a criminal history category of IV.

Defendant filed the instant motion on November 4, 2019, moving the court to vacate, set aside, or correct his sentence as unlawful and unconstitutional under the 6th and 8th Amendments of the United States Constitution. Defendant first contends that the Court erred in applying

sentencing guidelines. Next, Defendant claims his trial counsel rendered ineffective assistance by failing to investigate and/or refusing to challenge the fact that the Government and the Court were using his prior record to enhance Defendant's sentence with minor offenses. Further, Defendant claims that his guilty plea was not voluntary because counsel told him "that he would not get any more than 40 months of imprisonment," and counsel did not warn Defendant of consequences of a guilty plea, such as possible enhancement of his sentence based on his prior convictions [Doc. No. 39, p. 9]. Defendant argues that counsel's failure to discuss these things "could be a viable argument and the need for this Court to allow an evidentiary hearing to determine whether [he] should be given relief on his claim." *Id*. Finally, Defendant claims that his assignment to the Federal Correctional Institute in Beaumont, Texas ("FCI Beaumont"), constitutes cruel and unusual punishment under the 8th Amendment of the Constitution. In response, the United States contends that Defendant cannot challenge sentencing errors in a § 2255 proceeding, his attorney was not ineffective in advising Defendant to plead guilty, and, finally, a § 2255 motion is not the appropriate vehicle to challenge conditions or location of confinement.

**Law and Analysis**

Review under § 2255 is limited to four grounds: whether (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions for constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Even if an issue is jurisdictional or constitutional, the claim may still be procedurally barred because collateral review is fundamentally different from a direct appeal, and it cannot replace it. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 motion if the movant shows both cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d at 558. Without establishing "cause" and "prejudice," for relief to be granted, a defendant must show that there was an error of a constitutional nature resulting in a complete miscarriage of justice. *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

### I. The Defendant's Challenge to Sentencing

Defendant's first ground for his § 2255 motion is that the Court made an error in applying the sentencing guidelines. The United States responds that it is well established that the "technical application" of the sentencing guidelines may not be raised in a § 2255 proceeding.

The courts have established that appeals to sentencing errors may not be raised in a § 2255 motion because these types of issues are only to be brought on direct appeals. *United States v. Vaughn*, 955 F.2d 36, 368 (5th Cir. 1992); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994) ("We reasoned that such questions are capable of being raised on direct appeal and further, do not implicate any constitutional issues.") *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (finding that a determination of "whether to sentence as a career offender" under the guidelines does not implicate any constitutional issues).

The Court agrees with the Government and finds that Defendant's argument on sentencing guidelines is meritless because it is not an issue that may be raised in a § 2255 motion. Accordingly, the Court denies Defendant's motion on this basis.

## II.   Ineffective Assistance of Counsel

Next, Defendant raises claims that his counsel was ineffective. A § 2255 motion is an acceptable vehicle through which to raise initial claims of ineffective assistance of trial or appellate counsel. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). "Judicial scrutiny of counsel's performance must be highly deferential[,]" and courts must make "every effort … to eliminate the distorting effects of hindsight . . . ." *Strickland*, 466 U.S. at 689.

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz–Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

### A. Ineffective Assistance of Counsel Regarding His Guilty Plea

Here, Defendant raised two ineffective assistance claims: (1) that his guilty plea was not voluntary because counsel told Defendant "that he would not get any more than 40 months of imprisonment," and (2) counsel did not warn Defendant of consequences of a guilty plea, such as possible enhancement of his sentence based on his prior convictions. [Doc. No. 39, p. 9]. Defendant argues that counsel's failure to discuss these things "could be a viable argument and the need for this Court to allow an evidentiary hearing to determine whether [he] should be given relief on his claim." *Id*.

Because Defendant pleaded guilty, all non-jurisdictional defects in the proceedings are waived. This waiver includes all claims of ineffective assistance of counsel except those alleging ineffectiveness relating to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Despite the conduct of the attorney, the conviction is upheld when a

plea is voluntary because a voluntary plea means that there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Pertinent here, "[i]t is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Scribner*, 832 F.3d 252, 257- 58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). "As such, '[w]hen considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

Here, the United States essentially argues, and trial counsel declares, that the plea was voluntary, and the attorney was effective. Defendant was under oath and acknowledged that his guilty plea was a "free and voluntary act" that he did on his own with the advice and consent of his attorney. There are no facts indicating that Defendant's counsel made him any promises regarding a 40-month sentence. Defendant told the Court that he understood the maximum sentence was 120 months, and the Court found that the guilty plea was free and voluntary. The plea agreement, which Defendant signed, stated that he had read and discussed the plea agreement with his attorney. Further, the plea agreement stated that his plea was made voluntarily, and it signified that he was satisfied with the legal services with which his attorney

provided him. The plea agreement that Defendant signed also indicated that no promises had been made. When the Court asked Defendant if any predictions, prophecies, or promises were made as to what Defendant's sentence would be, Defendant replied that he was given an estimate of his time if he plead guilty and then another estimate for if he proceeded to trial. But he acknowledged to the Court that no **promises** were made to him regarding his plea. [Doc. No. 44, p. 15].

To demonstrate prejudice, in the context presented here, a defendant must show there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016); *see also Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Padilla*, at 365. There are no indications here that would affirm the defendant would have proceeded to trial and plead differently absent his attorney's actions. Defendant was given an estimate of his sentence if he pled guilty and an estimate for pleading not guilty, which Defendant stated to the Court. Sworn statements, such as those that Defendant made in open court regarding his plea hearing, "carry a strong presumption of verity." *United States v. Martinez-Molina*, 64 F.3d 719, 733 (5th Cir. 1995).

The Court, after careful consideration, finds that the record plainly refutes Defendant's allegations and demonstrates that Defendant's guilty plea *was* voluntarily made and that counsel was effective. Moreover, Defendant offers no evidence to support his claims that counsel promised Defendant that if he plead guilty to the charges, he would have a forty-month sentence and that counsel did not warn Defendant of consequences of a guilty plea, such as possible enhancement based on prior convictions.

While it is possible that counsel advised Defendant that he had tried cases where a

7

defendant plead guilty and received a certain sentence, this alone does not reflect ineffective assistance because it does not indicate that counsel made any promises to Defendant regarding his sentencing. More importantly, the evidence confirms that, Defendant told the Court, under oath, that no promises were made to him regarding his pleading, and the only thing he knew for sure was that there might be a difference in the length of his term of imprisonment if he plead guilty rather than proceeded to trial.

The Court finds Defendant has failed to establish that counsel's actions fell outside of the objective standard of reasonableness, and the Court need not determine whether Defendant suffered any prejudice. Accordingly, Defendant's motion is denied as to this claim for ineffective assistance of counsel.

### B. Ineffective Assistance of Counsel Regarding His Sentencing

Defendant also claims that his attorney was ineffective at sentencing. Defendant argues that the attorney failed to review the presentence investigation report ("PSR") and failed to object to points assessed based on his prior convictions. The United States responds that, contrary to Defendant's assertions, his criminal history category was correctly calculated. Defendant did not show that the guidelines were incorrectly calculated, and, therefore, did not show that his attorney's actions were unreasonable or prejudicial. The United States points out that Defendant's attorney did make objections to the PSR and argued against an upward departure, as suggested by the probation officer [Doc. No. 27, pp. 2-4].

To reiterate, in order to show that an attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the defendant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203

8

(2001); *United States v. Conley*, 349 F.3d 837, 842 (5th Cir. 2003) (failing to object to 120-month sentence when maximum penalty was 60 months constituted prejudice).

In determining criminal history points, the probation officer applied U.S.S.G. § 4A1.1 in the PSR. Pursuant to § 4A1.1(b), two points are added for each prior sentence of imprisonment of at least sixty days. Pursuant to § 4A1.1(c), one point is added to prior sentences not counted under U.S.S.G. § 4A1.1(b). Lastly, pursuant to § 4A1.1(d), two points are added because the instant offense was committed while Defendant was under a criminal justice sentence, i.e., probation, parole, supervised release, etc.

The PSR follows § 4A1.1 and provides points for the following:

- one point for an aggravated second-degree battery conviction for which the 10-year sentence was suspended;

- one point for convictions in 2013 resulting in no imprisonment;

- two points for an aggravated assault conviction with a sentence of three months in parish jail; and

- two points for the violation of protective order conviction for which he received 180 days in jail, which was suspended, and for which his probation was later revoked

[Doc. No. 27, ¶¶ 38-41].

Defendant was properly assessed two points each for the aggravated assault and protective order convictions because he had received sentences of over sixty days, falling within the purview of § 4A1.1(b). Defendant was also properly assessed one point each for the convictions for aggravated second-degree battery and additional convictions in 2013. Finally, two points were correctly added for his committing the offense of the conviction in this Court while on probation [Doc. No. 27, ¶ 43]. Paragraph 41 of the PSR provides that when he

9

committed the instant offense on October 17, 2017, he was on probation, which was revoked on October 18, 2017.

The Court, therefore, finds it undisputed that Defendant's criminal history was correctly calculated. Accordingly, counsel was not ineffective for failing to object to meritless claims. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Further, other findings in the PSR indicate that counsel did renew the PSR and made objections against the upward departure suggested by the probation officer. Accordingly, Defendant's motion for this claim of ineffective assistance of counsel regarding his sentencing is denied.

### III. Eighth Amendment Violation

Defendant's final ground for his § 2255 motion is a claim for an 8th Amendment violation for his assignment to FCI Beaumont. He argues that this assignment is cruel and unusual punishment due to the "violence" of the institution where he is presently incarcerated. The United States responds that a § 2255 motion, which permits a defendant to collaterally attack the legality of a conviction or sentence, is not the appropriate vehicle to address conditions or locations of confinement.[1]

The Court agrees. *See Hathaway v. Norwood*, Civil Action No. 2:09cv243-KS-MTP, 2010 WL 727966 at * 1 (S.D. Miss. Feb 26, 2010) ("Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation."); *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir.

---

[1] Even a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which is used to challenge the manner in which a sentence is executed, cannot be the subject of a challenge to the location of incarceration. *Hathaway v. Norwood*, Civil Action No. 2:09cv243-KS-MTP, 2010 WL 727966 at * 1. If Defendant wishes to challenge the locations of his confinement, then an action must be filed in the jurisdiction in which he is currently incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

1993) (observing that "only the Bureau of Prisons has the actual authority to designate the place of incarceration.") The Court finds that a § 2255 motion is not the appropriate proceeding to address Defendant's conditions or location of confinement. Only the Bureau of Prisons has the authority to address an issue of this nature. Further, Defendant waived constitutional and statutory challenges in the matter at his guilty plea hearing; this included any challenges under the 8th Amendment [Doc. No. 44, p. 13]. Accordingly, Defendant's motion is denied based on his final grounds for an 8th Amendment violation.

## IV. Evidentiary Hearing

The Fifth Circuit has amassed a potpourri of criteria for district courts to consider when deciding whether to grant an evidentiary hearing on a § 2255 motion. For instance, an evidentiary hearing is unnecessary if the defendant's claims are "either contrary to law or plainly refuted by the record." *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989). Likewise, no hearing is necessary if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Similarly, "[a] § 2255 motion does not require an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824 (5th Cir. 2018). "Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal quotation marks and quoted source omitted). "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he

presents independent indicia of the likely merit of [his] allegations."[2] *Id.* "This requirement must be understood practically, in the context of the claim being presented." *Id.*

"A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' . . . ." *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (quoting *Butler*, 825 F.2d at 894). Finally, a hearing is not necessary if "the record is clearly adequate to dispose fairly of the allegations . . . ." *Smith*, 915 F.2d at 964.

Here, Defendant argues that he is entitled to an evidentiary hearing to address the issues raised in his § 2255 motion because he has presented a "viable argument" that requires a need for the Court to have an evidentiary hearing in order to determine whether to grant Defendant relief.

As set forth above, Defendant offers little to no indicia of the merits of his allegations, and the United States' evidence plainly and adequately refutes all of Defendant's allegations. [3]

As the motion, files, and record conclusively reflect Defendant is entitled to no relief, and Defendant's request for a hearing is denied.

---

[2] "[I]ndependent indicia of the likely merit of [a movant's] allegations [is] typically in the form of one of more affidavits from reliable third parties . . . ." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

[3] *See United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of merit of a § 2255 claim, the trial court is not required to hold an evidentiary hearing. With regard to resolution of factual issues in a § 2255 case, this Court has held that contested fact issues ordinarily may not be decided on affidavits alone, *unless* the affidavits are supported by other evidence in the record.") (internal citations omitted) (emphasis added); *c.f. United States v. Avila-Gonzalez*, 757 Fed. Appx. 353 (5th Cir. 2018) (finding, where the movant's testimony was corroborated, where nothing in the record contradicted the allegations, and where defense counsel did not submit any statements, that a hearing was necessary to determine what the movant and his counsel discussed); *Reed*, 719 F.3d at 374 (noting, with respect to the movant's affidavit, that "it is hard to imagine what additional evidence [the movant] could present to establish what his trial counsel told him in a presumably private conversation[,]" and finding that the district court should have held a hearing because the government did not obtain counsel's opposing affidavit).

**Conclusion**

For the foregoing reasons, Defendant Kendrick Darnell Williams' Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 39], is **DENIED AND DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 28th day of January 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE